IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                  23MJ1019DLM

TOMAS VARGAS,

      Defendant.

MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Defendant's Notice of Appeal of Detention

Order, (Doc. 14), filed July 13, 2023.  No supporting brief has been filed.  The United States

filed a Response in Opposition to Notice of Appeal of Detention Order, (Doc. 16), filed July 20,

2023.  Based on its de novo review of the Order of Detention, (Doc. 13); the allegations outlined

in the Criminal Complaint, (Doc. 1); the Pre-trial Services Report (Doc. 9); the response brief;

the transcript of the detention hearing (Doc. 15); the Criminal Clerk Minutes (Doc. 10); and the

applicable law, this Court concludes further argument is not necessary, affirms the Magistrate

Judge and orders Defendant DETAINED pending trial.

*I.*     *Procedural Background*

Defendant was arrested on June 29, 2023, after a criminal complaint was filed alleging

that he violated 18 U.S.C. § 922(g)(1), felon in possession of a firearm.  He initially appeared on

the complaint on July 3, 2023, and appeared before the Magistrate Judge on July 7, 2023, for a

preliminary/detention hearing, at which time the Magistrate Judge considered his release or

detention.  After reviewing the Pre-trial Services Report and considering the arguments of

counsel, the Magistrate Judge found there were no conditions or combination of conditions that

would assure Defendant's appearance or the safety of the community, though he did not make any factual findings and it's not clear from the record whether or to what extent he applied a preponderance or clear and convincing standard.  In any event, he ordered Defendant detained. This de novo appeal follows.

II.     Standard of Review and Applicable Law

"The standard of review for the district court's review of a magistrate judge's detention or release order under [18 U.S.C.] § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 Fed. Appx. 441, 444 (10th Cir. 2017) (citing 18 U.S.C. § 3142(e)(1)). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Id.* (citing *Cisneros,* 328 F.3d at 615).

 The United States' position is that the defendant should be detained because he is both a risk of flight and a danger to the community.  In deciding whether to release or detain a defendant pending trial, the Court considers the following factors set forth in Section 3142(g):

**(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including—

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*III.    Findings and Analysis*

The allegations in the complaint stem from the discovery of firearms and ammunition in Defendant's vehicle on May 14, 2023. The firearms were discovered after a Hobbs, New Mexico police officer conducting a welfare check, found Defendant slumped over the steering wheel of a parked vehicle with the running engine. Defendant was the sole occupant of the vehicle; after waking up Defendant, the officer observed a firearm wedged between the driver seat where Defendant was sitting and the center console, as well as drug paraphernalia on Defendant's lap. A subsequent search of the vehicle revealed approximately 39.2 grams of suspected methamphetamine. After a search warrant was obtained for the vehicle, 121 grams of methamphetamine was discovered as well as 3.5 grams and sixteen pills of fentanyl, a second firearm - a Glock 19X 9mm pistol and a third firearm – a PM-11 9mm pistol and sixty rounds of ammunition. Its further alleged that at the time of the offense, Defendant had been a convicted felon.

Defendant argued before the Magistrate Judge he is a good candidate for release; that while it is unknown why Defendant's mother was deemed unsuitable to be a third-party custodian, he suggested that he should be released with electronic monitoring. He argued that even in light of his Failure to Appear in his criminal history, conditions of release could be fashioned.

The United States maintains the Defendant should be detained, that no condition or combination of conditions would assure his appearance or safety of the community. The United States points to the nature of the offense, his criminal history, a failure to appear, lack of employment, and a history of failing to comply with probation, parole or supervised release. The United States also points to his documented pattern of similar conduct while under supervision. The United States also highlights the instant charged offense that includes a loaded firearm within Defendants immediate reach and two others in a bag behind his driver seat, as well as the presence of a controlled substance, the circumstances around which creates a reasonable inference he is involved in drug trafficking. As a result, the United States contends Defendant is a danger. In addition, the United States argues the weight of the evidence is strong and that if he is convicted of the instant charge and possible drug charges, he faces a mandatory minimum 10-year and consecutive 5-year sentence for carrying a firearm during and in relation to a drug trafficking crime. Defendant's history includes drug trafficking offenses, assault, and a failure to comply with court orders, including a failure to appear and probation revocations.

The Pre-trial Services Officer prepared a report and recommended Defendant be detained. The PTS Officer assessed whether Defendant's mother would be a suitable third-party custodian, and concluded she would not. The report outlines Defendant's education and employment history, noting he had obtained a GED and had been unemployed since approximately January 2, 2022. His mother disclosed Defendant had been living in her home and that he could return to her address. While Defendant reports he is single and has no children, his mother disclosed he has been in a relationship with one Vrisela Machuca and together, they have one child. He does not have a passport and does not travel outside the United States.

Defendant's criminal history as well as the circumstances surrounding his arrest in this case, strongly suggest he has a history of drug abuse.  His criminal history includes a October 2014 conviction for Trafficking Controlled Substances (Narcotic or Meth) for which he received a nine-year suspended sentence; a probation revocation resulting in 3 years custody; a December 2014 conviction for Forgery, Attempt to Commit a Felony: Child Abuse, DWI, Failure to Surrender, and Open Container, for which he received an 18-month suspended sentence, and a probation revocation; a April 2015 conviction for three counts of Aggravated Assault (Deadly Weapon), and Tampering with a Motor Vehicle, for which he received a 18-month suspended sentence; June 2015 dismissed charged for Unlawful Carrying or a Deadly Weapon, Possession of Marijuana or Synthetic Cannabinoids, and Receiving Stolen Property – Felony; a September 2015 conviction for two counts of Assault with Intent to Commit a Violent Felony and Shooting at or from a Motor Vehicle, for which he received a three-year sentence. He also has dismissed charged for Battery in September 2019, Possession of a Controlled Substance in December 2019, and DWI in August 2020.  Aside from the question about Defendant's mother not being a suitable third-party custodian, the contents of the report are undisputed, therefore the Court adopts the report in its findings.

This Court has considered all of the 3142(g) factors, including the nature and circumstances surrounding the offense as described above; the weight of the evidence, which this Court agrees is strong and includes evidence of three firearms and a large volume of ammunition; Defendant's criminal history and characteristics, including a pattern of failing to comply with court orders, an apparent history of assault and drug and alcohol abuse, as well as his unemployment for approximately 17 months prior to his arrest.

*IV.*     *Conclusion*

The Court finds by a preponderance of evidence that Defendant is a risk of non-appearance and by clear and convincing evidence that he is a danger to the community. The Court further concludes that no condition or combination of conditions will assure his appearance or the safety of the community.  As a result, Defendant is ordered to remain in the custody of the United States Marshal pending trial.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE